1

2

3                          UNITED STATES DISTRICT COURT
                           EASTERN DISTRICT OF CALIFORNIA

4

5

6

7    ABDULLAH NAIM HAFIZ,                    Case No. 1:13 cv 01392 GSA PC

8              Plaintiff,

9    vs.                                     ORDER DISMISSING COMPLAINT AND
                                             GRANTING PLAINTIFF LEAVE TO FILE
10   JAMES YATES, et al.,                    AN AMENDED COMPLAINT

11             Defendants

12                                           AMENDED COMPLAINT DUE
                                             IN THIRTY DAYS

13

14   **I.      <u>Screening Requirement</u>**

15         Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

16   action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction

17   pursuant to 28 U.S.C. § 636(c).[1]

18         The Court is required to screen complaints brought by prisoners seeking relief against a

19   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

20   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

21   legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

22   that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

23   § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

24   paid, the court shall dismiss the case at any time if the court determines that . . . the action or

25

26   _____

27

28   [1] Plaintiff filed a consent to proceed before a magistrate judge on September 11, 2013 (ECF No. 5).

                                             1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534

U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R.

Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the

liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams,

490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union

Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268

(9th Cir. 1982)).

## II.      Plaintiff's Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and

Rehabilitation (CDCR) at the California Men's Colony in San Luis Obispo, brings this action

against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison

in Coalinga.  Plaintiff names the following individual defendants:  Warden James Yates; Chief

Medical Officer Igbinosa; Appeals Coordinators J. Morgan and L. Rodriguez.    The complaint

sets forth two causes of action.  Plaintiff claims that Defendants have subjected him to a

dangerous condition, and that Defendants have interfered with his ability to file grievances

regarding the issue.

Plaintiff alleges that he was transferred to Pleasant Valley in 2008 and remained there

until his transfer in 2013.  Plaintiff alleges that when he was transferred to Pleasant Valley from

Wasco State Prison, he suffered from Hepatitis C and Hypertension.  After he was transferred to

Pleasant Valley, Plaintiff contracted Valley Fever and Diabetes.  Plaintiff alleges that, as a high

risk inmate, he should have been transferred in accord with CDCR policy.  Plaintiff alleges that

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants were on notice of the presence of Valley Fever in the soil because of local Grand

Jury reports that were publicized.  Plaintiff alleges that Defendants continued to subject him and

other inmates to danger by failing to take abatement measures such as watering down the dirt

around the prison.

> **A.     Eighth Amendment**

The Eighth Amendment requires prison officials to take reasonable measures to

guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners.

Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th

Cir. 2005).  A prisoner seeking relief for an Eighth Amendment violation must show that the

officials acted with deliberate indifference to the threat of serious harm or injury to an inmate.

Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002).  "Deliberate indifference" has

both subjective and objective components.  A prison official must "be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists and . . . must also draw

the inference."  Farmer, 511 U.S. at 837.  Liability may follow only if a prison official "knows

that inmates face a substantial risk of serious harm and disregards that risk by failing to take

reasonable measures to abate it."  Id. at 847.

"[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the

mere fact that he was confined in a location where Valley Fever spores existed which caused him

to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever

spores presents an excessive risk to inmate health."  King v. Avenal State Prison, 2009 WL

546212, *4 (E.D. Cal., Mar 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal.

Jan. 26, 2009)("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the

general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that

Yates is responsible for the conditions of which Plaintiff complaints.")  More recently, in

addressing a claim that CDCR officials are responsible for the contraction of valley fever by

knowingly housing an African American inmate with a history of asthma in an endemic area, it

has been held that "unless there is something about a prisoner's conditions of confinement that

raises the risk of exposure substantially above the risk experienced by the surrounding communities, it cannot be reasoned that the prisoner is involuntarily exposed to a risk that society would not tolerate." Hines v. Yousseff, 2015 WL 164215, *5 (E.D. Cal. Jan. 13, 2015).

Because Plaintiff has not alleged any facts indicating that he was exposed to a risk substantially above that experienced by surrounding communities, he cannot state a claim for relief on the ground that he was housed in an area known by Defendants to be an endemic area. Plaintiff may, however, state a claim for relief if he can allege facts indicating that the treatment for his Valley Fever violated the Eighth Amendment.

"In order to violate the Eighth Amendment proscription against cruel and unusual punishment, there must be a 'deliberate indifference to serious medical needs of prisoners.'" Id. (quoting Estelle v. Gamble, 429 U.S. 97. 104 (1976)).  Lopez takes a two-prong approach to evaluating whether medical care, or lack thereof, rises to the level of "deliberate indifference." First, a court must examine whether the plaintiff's medical needs were serious.  See Id.  Second, a court must determine whether "officials intentionally interfered with [the plaintiff's] medical treatment." Id. at 1132.

Here, Plaintiff has not alleged any conduct as to any individual defendants that indicates deliberate indifference to his serious medical needs, resulting in injury to Plaintiff.  The court will, however, grant Plaintiff leave to file an amended complaint that corrects this deficiency.

In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law.   Plaintiff should state clearly, in his or her own words, what happened.  Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.  Plaintiff has failed to do so here.

### B.        Inmate Grievances

Plaintiff alleges that correctional officials engaged in conduct that prevented or discouraged Plaintiff from filing inmate grievances regarding his exposure to Valley Fever. There is no liberty interest in a prison grievance procedure as it is a procedural right only.  Mann

v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley, 997 F.2d at 495. Plaintiff's allegation that his administrative review was conducted by Defendant Garza fails to state a claim.

Further, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims, legal, equitable or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a). Thus, multiple claims against a single party are permissible, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass (a multiple claim, multiple defendant) suit produces, but also to ensure that prisoners pay the required filing fees. The Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without the prepayment of the required fees. 28 U.S.C. § 1915(g). George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff's claim regarding interference with the grievance process is unrelated to any Eighth Amendment claims.

### III.     Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must

be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send to Plaintiff a complaint form;

3.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.    If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.


IT IS SO ORDERED.

Dated:    **February 6, 2015**

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28