# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH NA'IM HAFIZ,<br><br>    Plaintiff,<br><br>    v.<br><br>J. YATES, et al.,<br><br>    Defendants. | Case No. 1:13-cv-01392-BAM-PC<br><br>ORDER DISMISSING THIS ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND THAT THIS ACTION COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g). |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Pending before the Court is Plaintiff's March 16, 2015, first amended complaint, filed in response to the February 6, 2015, order dismissing the original complaint with leave to file an amended complaint. (ECF No. 6.)

## I.

## SCREENING STANDARD

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail to state a claim on which relief may be granted," or

---

[1] Plaintiff filed a consent to proceed before a magistrate judge on September 11, 2013. (ECF No. 5.)

1

that "seek monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a Plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)(internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)(citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PROCEDURAL HISTORY

Plaintiff, an inmate in CDCR Custody at the California Institute for Men at Chino, filed the complaint on August 30, 2013, claiming that Defendants subjected him to a dangerous condition in violation of the Eighth Amendment, and that Defendants have interfered with his ability to file inmate grievances regarding the issue. The conduct at issue occurred while Plaintiff was housed at Pleasant Valley State Prison (PVSP). Plaintiff alleged he was transferred to PVSP in 2008 and remained there until 2013. Plaintiff alleged that when he was transferred to PVSP, he suffered from hepatitis C and hypertension. After he was transferred to PVSP, Plaintiff contracted valley fever and diabetes. Plaintiff alleged that, as a high risk inmate, he

1  should have been transferred in accordance with CDCR policy.

2  On February 6, 2015, an order was entered, dismissing the complaint and granting
3  Plaintiff leave to file an amended complaint.  Plaintiff was advised that he did not allege facts
4  sufficient to state a claim for relief on his Eighth Amendment claims, and failed to state a claim
5  against the Defendants who participated in his inmate grievance process. (ECF No. 6.)  On
6  March 16, 2015, Plaintiff filed the first amended complaint that is now before the Court. (ECF
7  No. 7.)

**III.**

**FIRST AMENDED COMPLAINT**

In the first amended complaint, Plaintiff names as Defendants former Governor Schwarzenegger, former CDCR Secretary Matthew Cate, former PVSP Warden James Yates, PVSP Warden Brazelton, Chief Medical Officer F. Igbinosa, former Director of Adult Operations Susan Hubbard, Chief Deputy Secretary Deborah Hysen, J. Clark Kelso, former Chief of Classification T. Rothchild, former CDCR Medical Director D. Winslow, M.D., Appeals Coordinator J. Morgan, Appeals Coordinator L. Rodriguez.

The first amended complaint consists largely of detailed allegations regarding valley fever, and the underlying research that established valley fever as a disseminated disease. Plaintiff sets forth statistics and history to support his claim that Defendants were deliberately indifferent to a serious risk to Plaintiff's health or safety.  Plaintiff recounts statistics regarding inmate mortality, prison design, and soil conditions.

Plaintiff alleges that he suffered from hepatitis C and hypertension when he was transferred to PVSP.  Plaintiff alleges that because he is at a higher risk for valley fever, he never should have been sent to PVSP.   Plaintiff alleges that he discovered that a grand jury report revealed that on 2007 and 2008, Defendants Warden Yates and Chief Medical Officer Igbinosa were still accepting high risk inmates at PVSP.

Plaintiff alleges that he sent reports to the grand jury about his attempts at filing inmate grievances regarding valley fever and his medical condition.  Plaintiff alleges generally that his due process rights have been violated, as he was unable to file inmate grievances.  Throughout

the first amended complaint, Plaintiff alleges generally that Defendants knew or should have known of the dangerous condition Plaintiff was subjected to, and was deliberately indifferent to it.  Plaintiff's first claim for relief is for failure to protect Plaintiff in violation of the Eighth Amendment.  Plaintiff's second claim for relief is a state law claim of premises liability pursuant to California Government Code section 835, et seq.

## IV.

## ANALYSIS

### A. Linkage

The Court initially notes that Plaintiff has failed to link any of the individual Defendants to any specific conduct.  Plaintiff was advised of this deficiency in the order dismissing the original complaint. Plaintiff was specifically directed to file a first amended complaint that stated clearly what each defendant did, by name, to violate the particular right described by Plaintiff. (ECF No. 6 at 4:22.)

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Crowley v. Nevada ex rel. Nevada Sec'y of State, 678 F.3d 730, 734 (9th Cir. 2012)(citing Graham v. Connor, 490 U.S. 386, 393-94 (1989))(internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011).  Despite previous guidance from the Court, Plaintiff has failed to link each Defendant with conduct that deprived Plaintiff of a protected interest.

All of the named Defendants are employed in a supervisory capacity.  Government officials may not be held liable for the actions of their subordinates under a theory of respondeat

superior. Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009). Since a government official cannot be held liable under a theory of vicarious liability for section 1983 actions, Plaintiff must plead that the official has violated the Constitution through his own individual actions. Id. at 673. In other words, to state claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Plaintiff has not done so here.

### B. Eighth Amendment

Assuming Plaintiff could link any of the Defendants to specific conduct that indicates that they intentionally exposed Plaintiff to valley fever, such an allegation would fail to state a claim for relief. To constitute cruel and unusual punishment in violation of the Eight Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,' "and (2) "the prison official 'acted with deliberate indifference in doing so.' " Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir.2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards and excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Until recently, courts have consistently found that mere confinement in a location where valley fever is prevalent fails to pose an excessive risk of harm. Jones v. Hartley, No. 1:13-cv-01590-AWI-GSA-PC, 2015 WL 1276708, *2 (E.D. Cal. March 19, 2015) ("no courts have found that exposure to valley fever spores at the level experienced by the community at large presents an "excessive risk" to inmate health"); Williams v. CDCR, No. 1:14-cv-01912-JLT (PC), 2015 WL 6669816, at *3 (E.D. Cal. 2015) ("Unless there is something about a prisoner's conditions of confinement that raise the risk of exposure substantially above the risk experienced by the surrounding community, it cannot be said that the prisoner is forcibly and knowingly exposed to a risk the society would not tolerate to meet the objective component of a claim under the Eighth

1   Amendment."); Montano v. Adams, No. 1:15-cv-0452 DLB PC, 2016 WL 310175, at *3 (E.D.
2   Cal. 2016) (inmate cannot state a claim under the Eighth Amendment based solely on the
3   exposure to and contractions of valley fever); Hines v. Yousseff, No. 1:13–cv–00357–AWI–JLT,
4   2015 WL 164215, *5 (E.D. Cal. Jan.13, 2015) ("unless there is something about a prisoner's
5   conditions of confinement that raises the risk of exposure substantially above the risk
6   experienced by the surrounding communities, it cannot be reasoned that the prisoner is
7   involuntarily exposed to a risk that society would not tolerate"); but c.f. Beagle v.
8   Schwarzeneger, 107 F.Sup.3d 1056, (E.D. Cal. 2014) (finding that mere exposure to valley fever
9   is sufficient to state a claim); Jackson v. Davey, No. 1:14-cv-1311-LJO-MJS (PC), 2015 WL
10  3402992, at *5 (E.D. Cal. 2015) ("Plaintiff no longer needs to allege particularly susceptibility to
11  valley fever; mere exposure is sufficient to state a claim.").

12  A large portion of the population of the San Joaquin Valley lives in areas which place
13  them at a relatively high risk of contracting valley fever. See Smith v. Schwarzenegger, No.
14  1:14-cv-00060-LJO-SAB, 2015 WL 2414743, at *18-19 (E.D. Cal. 2015).  Unless there is
15  something about Plaintiff's conditions of confinement that raises his risk of exposure
16  substantially above the risk experienced by the surrounding community, it cannot be said that he
17  is forcibly and knowingly exposed to a risk the society would not tolerate.  Therefore, merely
18  being confined in an area in which valley fever spores are present does not meet the objective
19  component of a claim under the Eighth Amendment.

20  In the prior screening order, Plaintiff was given guidance as to the facts he must allege to
21  state a cognizable claim.  Plaintiff has failed to allege any facts that would show his risk of
22  contracting valley fever is greater than that of the surrounding community.  Therefore, Plaintiff
23  has failed to state a plausible claim for a violation of the Eighth Amendment.

24  **B. Grievance Process**

25  To the extent that Plaintiff seeks redress because of his difficulties in filing an inmate
26  grievance, he is advised that inmates lack a separate constitutional entitlement to a specific
27  grievance procedure.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)(no liberty interest in
28  processing of appeals because no entitlement to a specific grievance procedure), citing Mann v.

Adams, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 2d 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)(existence of a grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. 2d at 10; Spencer v. Moore, 638 F. Supp. 315, 316 9 (E.D. Mo. 1986). Plaintiff was advised of this deficiency in the order dismissing the original complaint. (ECF No. 6 at 5:4.)

C. **State Law Claim**

Plaintiff does not plead a cognizable federal claim. Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Plaintiff fails to state a claim for relief on his claim of an Eighth Amendment violation. Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in the First Amended Complaint. Therefore, Plaintiff's state law claim fails.

**V.**

**CONCLUSION AND ORDER**

Plaintiff was previously notified of the applicable legal standard and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint fails to correct the deficiencies identified in the order dismissing the original complaint. Based upon the allegations in Plaintiff's original complaint and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a violation of the Eighth Amendment and further amendment would be futile. See Hartmann v. CDCR, 707

F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.")   Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

    Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed for failure to state a claim upon which relief could be granted; and
2. This action count as a strike pursuant to 28 U.S.C. § 1915(g).
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 25, 2016**                                   /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE