# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH NAIM HAFIZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JAMES YATES, et al.,<br><br>　　　　　　Defendants. | Case No. 1:13-cv-01392-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THIS ACTION<br><br>(ECF Nos. 7, 22)<br><br>**FOURTEEN (14) DAY DEADLINE** |

## I. Background

Plaintiff Abdullah Naim Hafiz is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed his original complaint on August 30, 2013. (ECF No. 1.) On February 6, 2015, the Court dismissed Plaintiff's complaint with leave to amend for failure to state a cognizable claim for relief. (ECF No. 6.) On March 16, 2015, Plaintiff filed a first amended complaint. (ECF No. 7.) On April 25, 2016, the undersigned dismissed the action for failure to state a cognizable claim for relief and judgment was entered. (ECF Nos. 16, 17.) Plaintiff filed a notice of appeal on May 9, 2016. (ECF No. 18.)

On June 13, 2019, the Ninth Circuit Court of Appeals vacated and remanded the action to

1

this Court. (ECF No. 22.) Specifically, the Ninth Circuit found that, because all the parties, including unserved defendants, had not consented to proceed before the magistrate judge, the magistrate judge did not have jurisdiction to validly dismiss Plaintiff's first amended complaint as stated in Williams v. King, 875 F.3d 500 (9th Cir. 2017). (Id.) Accordingly, the Ninth Circuit vacated the dismissal order and judgment, and this case was remanded for further proceedings. (Id.) The mandate issued on July 5, 2019. (ECF No. 23).

Accordingly, Plaintiff's first amended complaint, filed on March 16, 2015, is currently before the Court for screening. (ECF No. 7.)

**II.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted

unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Plaintiff's Allegations

The events in the first amended complaint are alleged to have occurred at Pleasant Valley State Prison ("PVSP"). Plaintiff names the following defendants: (1) former Governor Arnold Schwarzenegger; (2) former California Department of Corrections and Rehabilitation ("CDCR") Secretary Matthew Cate; (3) former PVSP Warden James Yates; (4) PVSP Warden Brazelton; (5) PVSP Chief Medical Officer F. Igbinosa; (6) former Director of Adult Operations Susan Hubbard; (7) Chief Deputy Secretary Deborah Hysen; (8) J. Clark Kelso; (9) former Chief of Classification T. Rothchild; (10) former CDCR Medical Director D. Winslow, M.D.; (11) Appeals Coordinator J. Morgan; and (12) Appeals Coordinator L. Rodriguez.

Plaintiff's first amended complaint consists largely of detailed allegations regarding Valley Fever, and the underlying research that established Valley Fever as a disseminated disease. Plaintiff sets forth statistics and history to support his claim that Defendants were deliberately indifferent to a serious risk to Plaintiff's health or safety. Plaintiff recounts statistics regarding inmate mortality, prison design, and soil conditions.

Plaintiff alleges that he is African-American and that he suffered from Hepatitis C and hypertension when he was transferred to PVSP. Plaintiff alleges that, since he is at a higher risk for Valley Fever, he never should have been sent to PVSP. Plaintiff alleges that he discovered that a grand jury report revealed that, in 2007 and 2008, Defendants Warden Yates and Chief Medical Officer Igbinosa were still accepting high risk inmates at PVSP.

Plaintiff alleges that he sent reports to the grand jury about his attempts at filing inmate grievances regarding Valley Fever and his medical condition. Plaintiff alleges generally that his due process rights have been violated, as he was unable to file inmate grievances. Throughout the first amended complaint, Plaintiff alleges generally that Defendants knew or should have known of the dangerous condition Plaintiff was subjected to, and were deliberately indifferent to it. Plaintiff further asserts that, due to Defendants' deliberate indifference, he contracted Valley Fever while he was at PVSP. Plaintiff's first claim for relief is for failure to protect Plaintiff in violation of the

Eighth Amendment. Plaintiff's second claim for relief is a state law claim of premises liability pursuant to California Government Code section 835, et seq.

Plaintiff seeks compensatory damages and punitive damages.

**IV.**    **Discussion**

    A.    Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff has failed to adequately link any of the individual Defendants to any specific action or omission that resulted in violation of Plaintiff's rights.

    B.    Defendant J. Clark Kelso

It appears that Plaintiff desires to name Federal Receiver, J. Clark Kelso, as a Defendant. Kelso is the Receiver for CDCR's health care system. See Plata v. Schwarzenegger, et al., Case No. C01-1351-TEH (N.D. Cal. Jan. 23, 2008). Upon his appointment in 2008, "[t]he Receiver and his staff [were granted] the status of officers and agents of [the Plata Court], and as such [were] vested with the same immunities as vest with [the Plata] Court." Id. Those judicial immunities extend to immunity from suit. See Pierson v. Ray, 386 U.S. 547, 553-54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts

committed within their judicial jurisdiction ...."). See also Coleman v. Schwarzenegger, 2007 U.S. Dist. LEXIS 99340, 2007 WL 4276554 (E.D. Cal. Nov. 29, 2007) (holding that a receiver who was "imbued with the power and authority to act in the name of the Court as the Court's officer" and who "acts as a 'surrogate' of the court" had quasi-judicial immunity). "[J]udicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles v. Waco, 502 U.S. 9, 11 (1991). There are two primary exceptions to the absolute judicial immunity: first, where the judge's action is "not taken in the judge's judicial capacity[;]" and second, where the judge's action, "though judicial in nature, is taken in the complete absence of all jurisdiction." See id. at 11-12.

Plaintiff does not state any factual allegations against Defendant Kelso. Seemingly, Plaintiff claims that Defendant Kelso has acted in some undescribed manner which denied him proper medical attention for his Valley Fever, or caused Plaintiff to be exposed Valley Fever. Thus, he asserts that Defendant Kelso failed to act properly in his role as Receiver. There is no allegation that Defendant Kelso acted in the complete absence of all jurisdiction. Based thereon, the Court finds that Kelso is entitled to quasi-judicial immunity and suit may not be maintained against him

C. Eighth Amendment – Conditions of Confinement

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Farmer v. Brennan, 511 U.S. 825 (1994); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted).

This standard contains both an objective and subjective element. See Helling v. McKinney, 509 U.S. 25, 35-36 (1993) (discussing objective and subjective elements of Eighth Amendment claim). In the context of exposure to disease, the objective element asks whether prison officials have exposed the prisoner to a serious medical risk of disease. To determine whether the medical risk to which Plaintiff is exposed is serious, the "courts must 'assess whether the risk the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone*

unwillingly to such a risk,' meaning that the risk 'is not one that today's society chooses to tolerate.'" Hines v. Youseff, 914 F.3d 1218, 1232 (9th Cir. 2019) (quoting Helling, 509 U.S. at 36 (italics in Helling)).

The subjective element of an Eighth Amendment violation asks whether the prison official acted with deliberate indifference in denying medical care or exposing the prisoner to the risk of disease. For conduct to qualify as "deliberately indifferent" in the context of conditions of confinement, the conduct must be shown to be "wanton." "[T]he constraints facing the official" must be considered when determining whether conduct is wanton. Wilson v. Seiter, 501 U.S. 294, 303 (1991). A deprivation of a treatment or the exposure to a hazard may be found to be wanton only if it was within the official's ability at the time to avoid the exposure to risk or deprivation of care. "Wantonness consist[s] of 'acting sadistically and maliciously for the purpose of causing harm.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 321-322 (1986)).

The Ninth Circuit held recently that prison officials are entitled to qualified immunity on claims under the Eighth Amendment based on inmates' contracting Valley Fever after placement in prisons in the Central San Joaquin Valley. Hines, 914 F.3d at 1229-32. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citation omitted). Qualified immunity analysis requires two prongs of inquiry: "(1) whether 'the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established' as of the date of the involved events 'in light of the specific context of the case.'" Tarabochia v. Adkins, 766 F.3d 1115, 1121 (9th Cir. 2014) (quoting Robinson v. York, 566 F.3d 817, 821 (9th Cir. 2009)); see also Pauluk v. Savage, 836 F.3d. 1117 (9th Cir. 2016).

In Hines, the Ninth Circuit found that the right to be free from heightened exposure to Valley Fever spores has not been clearly established. Two elements were pivotal to this holding. First, prison officials are to follow binding orders from the federal Receiver, who was "appointed by the federal court to assure Eighth Amendment compliance actively managed the state prison system's response to Valley Fever." Hines, 914 F.3d at 1231. Second, millions of people in the Central

Valley and Arizona are exposed to the risk of Valley Fever and yet no societal consensus has emerged that the risk is intolerably grave. Id. at 1231-32. Thus, a reasonable official can infer that the risk of contracting Valley Fever "is one society is prepared to tolerate, like the risk of being injured or killed in a traffic accident." Id. at 1232. "Because so many people freely choose to live in the Central Valley despite the Valley Fever risk, and there is no evidence . . . that 'society's attitude had evolved to the point that involuntary exposure' to either the heightened risk inside prison or the lower risk outside prison 'violated current standards of decency,' it would not have been 'clear' to every reasonable officer that the inmates had a valid claim under Helling." Id. Therefore, all Defendants are entitled to qualified immunity on Plaintiff's claims under the Eighth Amendment based on his transfer to and placement at PVSP where he contracted Valley Fever.

### D. Grievance Process

To the extent that Plaintiff seeks redress because of his difficulties in filing an inmate grievance, he is advised that inmates lack a separate constitutional entitlement to a specific grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Azeez v. DeRobertis, 568 F. Supp. 2d 8, 10 (N.D. Ill. 1982) accord Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of a grievance procedure confers no liberty interest on prisoner). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. 2d at 10; Spencer v. Moore, 638 F. Supp. 315, 316 9 (E.D. Mo. 1986). Therefore, Plaintiff has failed to allege any cognizable § 1983 claim based on any difficulties that he had in filing an inmate grievance.

### E. State Law Claim

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under

§1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Here, since Defendants are entitled to qualified immunity as to Plaintiff's Eighth Amendment claim and Plaintiff has failed to state any other cognizable federal claim, the Court declines to exercise jurisdiction over Plaintiff's premises liability claim under California law.

## V. Order and Recommendation

For the reasons discussed above, Plaintiff may not pursue an Eighth Amendment claim based on being housed in a facility where he contracted Valley Fever. Per Hines, Defendants are entitled to qualified immunity on all such claims. Additionally, Defendant Kelso is entitled to quasi-absolute judicial immunity. Finally, Plaintiff fails to state any cognizable federal claim based upon any difficulties he had in submitting an inmate grievance. The Court declines to grant Plaintiff leave to amend because amendment would be futile. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

Accordingly, it is HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a Fresno District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed with prejudice based on Defendants' qualified immunity, Defendant Kelso's quasi-judicial immunity, and Plaintiff's failure to state a cognizable claim for relief.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings"

on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (quoting Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 15, 2019**     /s/ *Barbara A. McAuliffe*
                                                       UNITED STATES MAGISTRATE JUDGE