UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDULLAH NAIM HAFIZ,<br><br>Plaintiff,<br><br>v.<br><br>JAMES YATES, et al.,<br><br>Defendants. | No. 1:13-cv-01392-DAD-BAM (PC)<br><br>ORDER ADOPTING FIINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THIS ACTION<br><br>(Doc. No. 24) |

Plaintiff Abdullah Naim Hafiz is a former state prisoner proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. On July 15, 2019, the assigned magistrate judge screened plaintiff's first amended complaint and issued findings and recommendations recommending that: (1) plaintiff's federal claim be dismissed, with prejudice, based upon defendants' qualified immunity, defendant Kelso's quasi-judicial immunity, and plaintiff's failure to state any cognizable federal claims for relief; and (2) that the court decline to exercise supplemental jurisdiction over plaintiff's state law claim. (Doc. No. 24.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days after service. (*Id.* at 8.) Plaintiff filed written objections on July 29, 2019. (Doc. No. 25.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a de novo review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

The findings and recommendations concluded that because it was not clearly established at the time in question that prisoners had a right to be free from the risk of exposure to Valley Fever, defendants are entitled to qualified immunity with respect to plaintiff's Eighth Amendment claim. (Doc. No. 24 at 7.) The magistrate judge relied upon the Ninth Circuit's recent decision in *Hines v. Youseff*, 914 F.3d 1218 (9th Cir. 2019). (*Id.* at 6.)

In *Hines*, a consolidated appeal, the plaintiffs had challenged the constitutionality of housing inmates in a hyperendemic area for Valley Fever under the Eighth Amendment's prohibition on cruel and unusual punishment and the Fourteenth Amendment's Equal Protection Clause. 914 F.3d at 1226–27. The Ninth Circuit defined the Eighth Amendment right at issue in the consolidated appeals before it as "the right to be free from heightened exposure to Valley Fever spores." *Id.* at 1228. The Ninth Circuit in *Hines* concluded that such a constitutional right was not clearly established at the time the defendant officials acted.[1]

The undersigned pauses to note that in *Hines*, the Ninth Circuit did not decide whether exposing inmates to a heightened risk of Valley Fever violates or could ever violate the Eighth Amendment. *Id.* at 1229 ("The courts below did not decide whether exposing inmates to a heightened risk of Valley Fever violates the Eighth Amendment. Neither do we.").[2] Instead, the

---

[1] According to the dockets in each of the fourteen cases on consolidated appeal and the operative complaints in those cases, the time period at issue before the Ninth Circuit in *Hines* appears to be no broader than between 2003 and 2014. Therefore, the Ninth Circuit conclusion that the right of prisoners, including those at a heightened risk of contracting Valley Fever, to be free from exposure to Valley Fever spores was not clearly established at the time the defendant officials acted is limited to that time period, within which plaintiff's allegations in this case fall. *See Hines*, 914 F.3d at 1230 ("We therefore conclude that *when the officials acted,* existing Valley Fever cases did not clearly establish that they were violating the Eighth Amendment.") (emphasis added).

[2] Indeed, the Ninth Circuit acknowledged that case law with respect to such a constitutional right was perhaps developing, but not yet clearly established. *Hines*, 914 F.3d at 1230.

Ninth Circuit, like the courts below, proceeded "straight to the second prong of the qualified immunity analysis: whether a right to not face a heightened risk was 'clearly established' at the time" the officials in the cases before the court had acted. *Id.*;[3] *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001) (establishing the two-part inquiry for qualified immunity: (1) whether the alleged facts violate the Constitution, and (2) if so, whether the constitutional right at issue was clearly established at the time of the violation).

That said, plaintiff's allegations in this case provide no basis upon which to depart from the qualified immunity analysis set forth in *Hines*. Plaintiff's operative first amended complaint, filed with the court on March 16, 2015, alleges that plaintiff was a prisoner housed at Pleasant Valley State Prison ("PVSP") beginning in 2008 until 2013. (Doc. No. 7 at 8, 11, 20.) Plaintiff alleges that defendants knew that placing plaintiff in a prison where spore-laden soil was a known

---

[3] The court in *Hines* also chose to address, at some length, whether the alleged constitutional violation before it was so clear or obvious that no case specifically so holding was required. *See Hines*, 914 F.3d at 1230. Such "obvious" cases have been found to be extremely rare. *See District of Columbia v. Wesby*, ___U.S.___, ___, 138 S. Ct. 577, 590 (2018) ("Of course, there can be the rare 'obvious case,' where the unlawfulness of the officer's conduct is sufficiently clear even though existing precedent does not address similar circumstances."); *West v. Caldwell*, 931 F.3d 978, 982–83 (9th Cir. 2019); *Schneyder v. Smith*, 653 F.3d 313, 330 (3d Cir. 2011) ("[T]his is one of those exceedingly rare cases in which the existence of the plaintiff's constitutional right is so manifest that it is clearly established by broad rules and general principles."); *Hope v. Pelzer*, 536 U.S. 730, 734–35 (2002). It seems apparent from the decision's statement of facts that the court in *Hines* did not view the cases before it to be of that rare variety. *See Hines*, 914 F.3d at 1223–26. Nonetheless, after concluding that the claims were not based upon any clearly established right, the court chose to also explain that there was no obvious or clear constitutional violation presented because: (1) since 2006, California prison officials' actions were supervised by a federal Receiver, "appointed by the federal court to assure Eighth Amendment compliance" and who "actively managed the state prison system's response to Valley Fever"; and (2) there was no evidence that the risk of Valley Fever is one that society is not prepared to tolerate because millions of people accept that risk by voluntarily living in California's Central Valley. *Id.* at 1230–31. Whether this latter aspect of the decision in *Hines* is *dicta* is not relevant to this court's consideration of the pending motion to reconsider. However, this portion of the *Hines* opinion appears not to have been based solely on the record before the court since the district court had dismissed the complaints, not granted summary judgment, on qualified immunity grounds. Moreover, by emphasizing that the plaintiffs had not claimed that state officials defied the orders of the Receiver, and that officials could have therefore reasonably believed that their actions were constitutional so long as they complied with such orders (914 F.3d at 1231), the opinion in *Hines* suggests that if, for example, officials were to fail to comply with such orders or if the receivership were terminated, the qualified immunity analysis in cases involving Valley Fever based claims under the Eighth Amendment may be different.

hazard and Valley Fever was already spreading "posed an unacceptable risk of irreparable harm." (*Id.*) Plaintiff claims that defendants either acted with deliberate indifference to or disregarded the risk of plaintiff contracting Valley Fever. (*Id.* at 21–30.) Plaintiff also asserts that he contracted Valley Fever while he was located in PSVP. (*Id.* at 32.) However, none of these allegations or his objections—which largely reiterate the aforementioned allegations (*see generally* Doc. No. 25)—provide a basis upon which to distinguish the Ninth Circuit's binding decision in *Hines* or the qualified immunity analysis set forth therein.

Moreover, the law is clear that defendant Kelso, the federal court-appointed receiver for the California prison health care system, is also entitled to quasi-judicial immunity from plaintiff's claims. *See Mosher v. Saalfeld*, 589 F.2d 438, 442 (9th Cir. 1978) (judicial immunity extends to court-appointed receivers); *see also Patterson v. Kelso*, 698 F. App'x 393, 394 (9th Cir. 2017)[4] (holding that Kelso was entitled to quasi-judicial immunity from a plaintiff's Federal Tort Claims Act negligence claim). As with the qualified immunity issue addressed above, plaintiff's objections do not point to any factual allegations that would give the court reason to depart from the recommendation that his federal claim against defendant Kelso be dismissed based upon quasi-judicial immunity. (*See generally* Doc. No. 25.)

Since defendants are entitled to either qualified immunity or quasi-judicial immunity, plaintiff's Eighth Amendment claim must be dismissed. Furthermore, the undersigned agrees with the recommendation that it should decline to exercise supplemental jurisdiction over plaintiff's premises liability claim brought solely under California law. (Doc. No. 24 at 8.)

Accordingly,

1. The findings and recommendations issued on July 15, 2019 (Doc. No. 24) are adopted in full;
2. Plaintiff's federal claim is dismissed with prejudice;
3. The court declines to exercise supplemental jurisdiction over plaintiff's state law claim pursuant to 28 U.S.C. § 1367(c)(3);

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

4. Plaintiff's state law claim is dismissed without prejudice; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **April 16, 2020**                    /s/ Dale A. Drozd
                                              UNITED STATES DISTRICT JUDGE